UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAWANDEEP SINGH,

    Petitioner,

v.

MINGA WOFFORD, et al.,

    Respondents.

No. 1:26-cv-01751-DJC-SCR

<u>ORDER</u>

Petitioner Pawandeep Singh is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court has previously addressed the legal issues raised in Count 2 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 5.) Respondents argue that the present case is distinguishable on the basis that Petitioner was arrested for driving under the influence. (ECF No. 7 at 2–3.) That Petitioner was

1

arrested for driving under the influence does not alter the fact that he is entitled to due process for the same reasons stated in the Court's prior cases.  However, Petitioner's arrest is relevant to what process is appropriate.  While a pre-deprivation hearing is often required, there may be circumstances requiring arrest such that prompt post-deprivation hearings are appropriate.  *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025) (citation omitted).  Given recency of the alleged incident and the Government's assertion that it constitutes a change in circumstances, the Court finds that a post-deprivation hearing in these circumstances is proper.

Accordingly, for the reasons stated above and in the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[1]

Within five (5) days of this Order, Respondents shall afford Petitioner Pawandeep Singh a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 11, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2